United States District Court
Southern District of Texas
**ENTERED**
July 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-CV-146 |
| | § | |
| $5,435.00 UNITED STATES | § | |
| CURRENCY | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff the United States of America's motion for default judgment and entry of final order of forfeiture, (Dkt. No. 14). On June 10, 2024, United States District Judge Marina Garcia Marmolejo referred Plaintiff's motion to the Undersigned for a report and recommendation. (Dkt. No. 15). For the reasons below, the Undersigned recommends the United States' motion, (Dkt. No. 14), be **GRANTED** and an order of forfeiture be issued in favor of the United States.

## I.     BACKGROUND

This case arises from a seizure of proceeds of unlawful activity. The United States' allegations in the *in rem* complaint, (Dkt. No. 1), are unrebutted, as any parties who might have an interest in the seized currency have defaulted. Therefore, the Undersigned adopts those unrebutted factual allegations.

On July 19, 2023, FedEx Security Specialist Jose Rodriguez ("Specialist Rodriguez") was inspecting packages at the FedEx Distribution Center located on the Bob Bullock Loop in Laredo, Texas. (*Id.* at 2). One package selected for inspection was "the size of a large book and had been delivered to the facility by Ricardo Rocha [("Rocha")]." (*Id.* at 2).

1

Specialist Rodriguez noted the shipper of the package, Rocha, paid approximately $96.00 for shipping and insurance, "but failed to include accurate contact information for the shipper and receiver." (*Id*. at 2) ("[t]he telephone contact information for both sender Rocha and receiver were completed with '999-999[-]9999'"). The label identified the receiver as Eddie Santos, with an address in the 6000 block of Mission Street, #14, Daly City, California. (*Id*. at 2). The location is a single structure commercial business identified as Paradise Brazilian Imports. (*Id*. at 2). FedEx shipping records indicated this was the third package Rocha had shipped to Eddie Santos at the same address, but the person receiving the previously shipped packages was not Eddie Santos. (*Id*. at 2) ("Prior shipping dates were June 9th and July 10th, 2023").

Specialist Rodriguez opened the package and found a child's handprint mold and paint stone activity kit. (*Id*. at 3). The activity kit "also contained an envelope wrapped in clear packing tape." (*Id*. at 3). The "envelope contained an undetermined amount of United States currency." (*Id*. at 3). Because Specialist Rodriguez believed the activity kit may contain illegal narcotics, he contacted the Laredo Police Department. (*Id*. at 3).

Laredo Police Officer Jesus Gonzalez arrived at the FedEx Distribution Center and spoke to Specialist Rodriguez. (*Id*. at 3).  After learning of the contents of the package, Laredo Drug Enforcement Administration ("DEA") Task Force Officer Ernesto Elizondo ("TFO Elizondo") was called to investigate. (*Id*. at 3).  TFO Elizondo and DEA Special Agent Hector Fierova ("Agent Fierova") continued with the

investigation. (*Id*. at 3).  TFO Elizondo and Agent Fierova requested United States Border Patrol K-9 ("canine") Unit Officer Christopher Flores ("Officer Flores") conduct an inspection of the package with his law enforcement canine for the presence of narcotics residue. (*Id*. at 3). The canine "conducted a free-air inspection of the package and the currency and alerted positively to the residual scent of narcotics." (*Id*. at 3).

Agent Fierova "seized the currency which totaled $5,435.00 [[hereafter the "seized currency")]." (*Id*. at 3).

"On or about October 4, 2023, [Rocha] submitted a claim to the DEA contesting administrative forfeiture of the [seized currency]." (*Id*. at 2). As a result, the United States initiated this civil forfeiture action on December 18, 2023. (Dkt. No. 1); *see also* 18 U.S.C. § 983(a)(3)(A). Additional known potential claimants included "Adriana Jones and Howard Miller *et* al." (Dkt. No. 10 at 1).

The United States' claim is filed as a verified complaint for forfeiture *in rem* against the seized currency. (Dkt. No. 1). The complaint provides the basis for this Court's jurisdiction, for jurisdiction *in rem*, and for venue in this Division. (*Id*. at 1). The complaint also states that 21 U.S.C. § 881(a)(6) provides the legal basis for forfeiture. (*Id*. at 2). § 881(a)(6) provides for the forfeiture of all "monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act." (*Id*. at 2). Finally, the complaint "seeks a final judgment forfeiting the seized currency." (*Id*. at 4).

On January 12, 2024, and April 11, 2024, the United States sent notice and

copies of its *in rem* complaint to the known potential claimants by certified mail, return receipt requested. (Dkt. No. 9). The notices advised the known potential claimants that the deadline for filing a verified claim was 35 days after the notice was sent, specified the requirements for filing a claim, and informed the known potential claimants that claims must be served on the assigned Assistant United States Attorney who signed the notice. (*Id.* at 3, 6, 9, 12, and 16). The notices also advised the known potential claimants that they must also file and serve an answer to the *in rem* complaint within 21 days after filing the claim. (*Id.* at 3, 6, 9, 12, and 16).

Additionally, the United States published notice of this forfeiture action on the www.forfeiture.gov website for a least 30 consecutive days, beginning on December 19, 2023, and ending on January 17, 2024. (Dkt. No. 3). The notice advised people claiming a legal interest in the seized currency that they must file a verified claim with the Court within 60 days of the first day of publication (December 19, 2023) and an answer to the *in rem* complaint within 21 days thereafter, with copies to the assigned Assistant United States Attorney. (Dkt. No. 3 at 3). The notice warned that default and forfeiture would be ordered if a claim and answer were not filed. *Id.*

The known potential claimants did not file a verified claim or answer to the *in rem* complaint. No other party did, either. As a result, the United States sought and obtained an entry of default from the Clerk of Court. (Dkt. No. 13). The United States now seeks default judgment against the seized currency pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Dkt. No. 14).

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 55 ("Rule 55") governs entry of default and default judgment. It's helpful to discuss the terms and process under Rule 55. "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Next comes an entry of default, which the clerk enters "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *Brown*, 84 F.3d at 141. Once the clerk has entered a defendant's default, a "plaintiff may apply for a judgment based on such default. This is a [motion for] default judgment." *Brown*, 84 F.3d at 141. At that point, a court, with certain exceptions, may enter default judgment. Fed. R. Civ. P. 55(b)(2).

Default judgments are not the norm. They "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). But the procedure exists because "an essentially unresponsive party" can halt the adversary process. *Id.* (quotation omitted). Even so, "a 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

Before a court enters default judgment, it must be satisfied that it is procedurally proper and that there is "a sufficient basis in the pleadings for the judgment [to be] entered." *Nishimatsu Constr. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d

5

1200, 1206 (5th Cir. 1975); Fed. R. Civ. P. 55(b). Stated differently, "the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive."[1]

### III.    ANALYSIS

The Undersigned finds that the United States' *in rem* claim against the seized currency is procedurally proper and factually sufficient, and that entry of a default judgment and an order of forfeiture is appropriate.

### 1.    Procedural Requirements Necessary for Default Judgment

Default judgment is procedurally warranted if the clerk's entry of default was proper under Rule 55(a). *1998 Freightliner*, 548 F. Supp. 2d at 384–85. Entry of default is proper when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

To plead or defend in a civil forfeiture action, a claimant must do two things: (1) file a claim for the property and (2) "serve and file an answer to the complaint or a motion under Rule 12." Supplemental Rule G(5)(a)(i) and G(5)(b). Any person who receives direct notice of the action has 35 days to file a claim. Supplemental Rule G(4)(b)(ii)(B). Any person receiving notice by publication has "60 days after the first day of publication on an official internet government forfeiture site" to file a claim. Supplemental Rule G(5)(a)(ii)(B). And any person who files a claim "must serve and

---

[1] *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Supplemental Rule G(5)(b).

None of this will happen unless potential claimants have notice of the civil forfeiture action. That means proper notice is the threshold procedural requirement for a default judgment. *See United States v. $12,107.00, More or Less, in United States Currency*, No. EP-21-CV-00111-DCG, 2022 WL 1050383 at *4 (W.D. Tex. Apr. 6, 2022) (citing *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1114 (5th Cir. 1992)). So, the Court must look to whether the United States provided potential claimants proper notice of this civil forfeiture action. *United States v. $12,107.00, More or Less, in United States Currency*, 2022 WL 1050383 at *4.

The United States provided direct notice to the known potential claimants in this case. (Dkt. No. 9 at 3, 6, 9, 12, and 16). And in accordance with Supplemental Rule G, the United States also posted notice for 30 days on an official government website. (Dkt. No. 3). The United States thus provided proper notice to potential claimants. Supplemental Rule G(4)(b) ("The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government."); Supplemental Rule G(4)(a)(iv)(C) (permitting notice by publication "on an official internet government forfeiture site for at least 30 consecutive days").

Because none of the known potential claimants, or any other potential claimants, filed a claim or answer, they have failed to plead or otherwise defend in this action. *United States v. $12,107.00, More or Less, in United States Currency*, 2022

7

WL 1050383 at *4. That is, they defaulted.

The Court of Appeals for the Fifth Circuit has delineated factors to consider in determining whether entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). These include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id*. Here, the Undersigned finds that the six *Lindsey* factors, outlined above, weigh in favor of granting default judgment.

First, the United States' well-pleaded allegations against the seized currency are assumed to be true. *See Nishimatsu*, 515 F2d at 1206. No person or entity has defended or otherwise appeared in this action. This means that no material facts appear to be in dispute. *United States v. $37,603.00 in US Currency*, No. 4:20-CV-00222, 2021 WL 3013337 at *3 (S.D. Tex. July 16, 2021) (Eskridge, J.).

Second, the United States has naturally experienced substantial prejudice On January 12, 2024, and April 11, 2024, the United States sent notice and copies of its *in rem* complaint to the known potential claimants by certified mail, return receipt requested. (Dkt. No. 9 at 3, 6, 9, 12, and 16). It also published notice of this judicial forfeiture action on an official government internet site (www.forfeiture.gov) for 30 consecutive days. (Dkt. No. 3). None of the known potential claimants filed a verified claim or answer to the *in rem* complaint. No other party did, either, effectively halting

the adversarial process. *$37,603.00 in US Currency*, 2021 WL 3013337 at *3 (Eskridge, J.).

Third, the Clerk properly entered default against the seized currency pursuant to Rule 55(a) because no person or entity answered or otherwise defended this action. (Dkt. No. 13). Default judgment is likewise proper because no person or entity has since answered or otherwise defended. *$37,603.00 in US Currency*, 2021 WL 3013337 at *3 (Eskridge, J.).

Fourth, nothing suggests that the default by any potential claimants to the Defendant currency has been the product of a good-faith mistake or excusable neglect. *(Id*.).

Fifth, nothing suggests that it would be too harsh to enter default judgment against the Defendant currency. *(Id*.). To the contrary, the known potential claimants have had almost four months to come forward and defend in this action. This mitigates the perception of any harshness of entering a default judgment. *(Id*.).

Sixth, nothing suggests that a default judgment would be set aside were any person or entity to later challenge it. *(Id*.).

Based on the foregoing, the procedural requirements necessary for default judgment are met.

## 2.    Sufficiency of the Government's Verified Complaint

Under the Civil Asset Forfeiture Reform Act, which governs all federal forfeiture proceedings, the United States bears the initial burden of establishing by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. §

983(c)(1). In the verified complaint, (Dkt. No. 1), the United States alleges the seized currency is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it constitutes "monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act." (*Id.* at 2).

Where, as here, one of "the Government's theor[ies] of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," the United States must establish a "substantial connection between the property and offense."[2] Additionally, under the Supplemental Rules, the complaint in a forfeiture action *in rem* arising from a federal statute must:

(a)   be verified;

(b)   state the grounds for subject-matter jurisdiction, *in rem* jurisdiction over the defendant property, and venue;

(c)   describe the property with reasonable particularity;

(d)   if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;

(e)   identify the statute under which the forfeiture action is brought; and

(f)   state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

---

[2] 18 U.S.C. § 983(c)(3); *E.g.*, *$37,603.00 in US Currency*, 2021 WL 3013337 at *4 (Eskridge, J.); *United States v. $25,000 in U.S. Currency*, No. 3:23-CV-456-S-BK, 2023 WL 4494773 at *2 (N.D. Tex. June 23, 2023), *R. & R. adopted*, No. 3:23-CV-456-S-BK, 2023 WL 4494356 (N.D. Tex. July 12, 2023); *United States v. $12,107.00, More or Less, in United States Currency*, 2022 WL 1050383 at *5.

Supplemental Rule G(2).[3] Here, the Government's civil forfeiture complaint satisfies Rule G(2)'s requisites. First, in a verification attached to the complaint, TFO Elizondo "declare[d] under the penalty of perjury . . . that the facts stated [in the complaint] . . . are true and correct." (*See* Dkt. No. 1 at 5); *see In re Ramu Corp.*, 903 F.2d at 315 (finding that a DEA agent's declaration, which was attached to the complaint and contained similar language as here, adequately verified the complaint).

Moreover, the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue are clearly stated. (Dkt. No. 1 at 1). Subject matter jurisdiction is proper as federal district courts have "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. *In rem* jurisdiction is appropriate as federal district courts have "original jurisdiction . . . of any action or proceeding for the recovery or enforcement of any . . . forfeiture . . . incurred under any Act of Congress." 28 U.S.C. § 1355(a). Venue is suitable as forfeiture actions "may be brought in the district court for the district in which any of the acts or omissions" leading to the forfeiture took place. 28 U.S.C. § 1355(b)(1).

The complaint also provides a reasonably detailed description of the property.[4] Additionally, it identifies the applicable forfeiture statutes, namely 21 U.S.C. § 881(a)(6). (Dkt. No. 1 at 2).

---

[3] *E.g.*, *United States v. $62,200.00 in U.S. Currency*, Civ. No. H-21-3971, 2023 WL 2386884, at *1 (S.D. Tex. Mar. 6, 2023) (Rosenthal, J.) (citing *In re Ramu Corp.*, 903 F.2d 312, 317 n.7 (5th Cir. 1990)); *United States v. Assorted Jewelry*, No. 2:23-CV-00095, 2023 WL 9110921 at *3 (S.D. Tex. Nov. 9, 2023), *R. & R. adopted sub nom. United States v. Jewelry*, No. 2:23-CV-00095, 2024 WL 69080 (S.D. Tex. Jan. 5, 2024); *$25,000 in U.S. Currency*, 2023 WL 4494773 at *2.

[4] (*See* Dkt. No. 1 at 1) ("$5,435.00 in United States currency which was seized in Laredo, Texas[,] on July 19, 2023").

Finally, the complaint sufficiently states facts to support a reasonable belief that the United States could carry its burden of proof at trial. The seized currency was found within an envelope inside "a child's handprint mold and paint stone activity kit." (*Id*. at 3). The seized currency was large in amount and the envelope was "wrapped in clear packing tape." (*Id*. at 3). Officer Flores' law enforcement canine "conducted a free-air inspection of the package and the currency and alerted positively to the residual scent of narcotics." (*Id*. at 3). These facts permit the Court to reasonably infer a substantial connection between the seized currency and violation of 21 U.S.C. § 881(a)(6), therein warranting forfeiture of the seized currency.[5]

### 3. The Relief Requested

Federal Rule of Civil Procedure 54(c) mandates "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "[T]he relief prayed for in a complaint defines the scope of relief available on default judgment." *1998 Freightliner*, 548 F. Supp. 2d at 386.

In its motion, the United States seeks default and final judgment of forfeiture

---

[5] *$37,603.00 in US Currency*, 2021 WL 3013337 at *5 (Eskridge, J.) (collecting cases and holding that "conceal[ing] a portion of the [seized] currency[,] . . . [and] a certified [n]arcotics [c]anine [o]fficer alert[ing] to the [seized] currency after officers seized it" support an inference the currency is associated with a crime related to controlled substances); *Cf. United States v. $48,800, More or Less, in U.S. Currency*, No. 6:15-CV-364-RP, 2018 WL 1404408, at *3–*5 (W.D. Tex. Mar. 20, 2018) (possession of large amounts of cash and dog alert were probative of basis for forfeiture); *United States v. $18,592.00 of $35,037.00 in U.S. Currency*, No. 3:12-CV-1134-M, 2013 WL 3095519 at *5 (N.D. Tex. June 20, 2013) (citing *United States v. $127, 000 in U.S. Currency*, No. C 11–06605 LB, 2012 WL 2917467, at *12 (N.D.Cal. July 17, 2012) (finding that currency was substantially connected to illegal drug trafficking where there was an "extremely large amount of cash, [that was] bundl[ed] . . . with rubber-bands," the claimant gave "conflicting and incomplete information to the agents," and there was a positive dog alert)).

against the seized currency. (Dkt. No. 14 at 3). That is consistent with the United States' requested relief in its verified complaint. (Dkt. 1 at 4). Given the uncontroverted evidence presented by the United States, the Court finds that the requested relief is appropriate.

## IV.    RECOMMENDATION

For the foregoing reasons, the Undersigned recommends the United States' motion for default judgment and entry of final order of forfeiture, (Dkt. No. 14), be **GRANTED**. The Undersigned recommends the district court enter a default judgment and an order of forfeiture of the seized currency.

## <u>NOTICE TO PARTIES</u>

The Clerk shall file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

IT IS SO **ORDERED**.

**SIGNED** on this 22nd day of July, 2024.

Christopher dos Santos
United States Magistrate Judge